FILED
United States Court of Appeals
Tenth Circuit

October 12, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RENATO GARCIA-MEDINA,

Defendant-Appellant.

No. 11-3227
(D.C. No. 5:09-CR-40041-JAR-5)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MURPHY**, and **HOLMES**, Circuit Judges.

Pursuant to a plea agreement, Renato Garcia-Medina pleaded guilty to conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846.  He was sentenced to 156 months' imprisonment.  Although the plea agreement contained a waiver of his appellate rights, Mr. Garcia-Medina filed a notice of appeal.

---

[*]    This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The government has filed a motion to enforce the appellate waiver contained in the plea agreement. We will enforce an appellate waiver if (1) the "appeal falls within the scope of the waiver of appellate rights"; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

In his response to the motion to enforce, Mr. Garcia-Medina concedes that his appeal falls within the scope of the appeal waiver, that his waiver was knowingly and voluntarily entered, and that his case does not fall within the miscarriage-of-justice exception to enforcing the waiver. He therefore concedes "that at this point in the proceedings the government's motion to enforce the plea agreement is well taken." Resp. at 4.

Mr. Garcia-Medina notes, however, that he has not yet fully developed the facts relating to a potential claim for ineffective assistance of counsel during the plea negotiations. He requests that he be allowed to raise such an issue in an appropriate proceeding. Mr. Garcia-Medina's appellate waiver does not bar him from bringing a claim for ineffective assistance of counsel in connection with the negotiation of his plea agreement or appeal waiver, *see United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001), but any such claim would need

to be raised in a 28 U.S.C. § 2255 motion, *see United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005).

Accordingly, we GRANT the motion to enforce the appeal waiver, without prejudice to Mr. Garcia-Medina's right to file a § 2255 motion asserting ineffective assistance of counsel in connection with the negotiation of his plea agreement or appeal waiver, and we DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM